FILED
Mar 07, 2019
01:51 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| ALEX GEASLEY, | ) | Docket No. 2018-05-0735 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| RUTHERFORD FARMERS COOP., | ) | State File No. 40442-2018 |
| Employer, | ) | |
| And | ) | |
| | ) | |
| SENTRY INS., | ) | Judge Dale Tipps |
| Carrier. | ) | e |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the Court on March 5, 2019, for an Expedited Hearing on Mr. Geasley's entitlement to medical and temporary disability benefits. The central issues are whether his claim is barred by failure to give proper notice and, if not, whether he is likely to establish at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court holds Mr. Geasley is not entitled to the requested benefits at this time.

### History of Claim

Mr. Geasley suffered a chemical burn injury to his left foot while working for Rutherford Farmers Co-operative (Co-op) in 2017. The burn led to an ulcer wound, which resulted in amputation of his great toe and first metatarsal. Co-op accepted the claim as compensable and provided treatment with Dr. Jeffrey Poole. This Court approved the parties' settlement of the claim on May 21, 2018. However, unknown to Co-op, Mr. Geasley was having problems at that time with another toe on the same foot.

Mr. Geasley testified that he suffered a new left-foot injury while working for Co-op on May 7, 2018. He described using a bar as a lever to move a conveyor when the bar

1

slipped and struck his fourth toe. He did not report the incident but kept working. Mr. Geasley already had a medical appointment pending for his 2017 claim, so he chose to address this new problem with Dr. Poole at that time.

Dr. Poole saw Mr. Geasley on May 15 and noted that the reason for the appointment was, "Left 4th toe: Open sore after kicking something." He also documented, "Pt does not remember kicking anything overtly. He relates that the toe has been open for approximately a week." Dr. Poole noted an open skin ulcer and diagnosed cellulitis. He debrided the wound and ordered an x-ray. On May 22, Dr. Poole observed that the wound had worsened to the point that the bone was now exposed. He scheduled toe amputation surgery for May 30 to prevent likely bone infection.

Mr. Geasley reported the injury to Co-op on May 30. Co-op contacted Dr. Poole to ask for a causation opinion, and the surgery was postponed. It issued a Notice of Denial on June 4, based on a "lack of medical evidence suggesting injury occurred at work." Mr. Geasley then began treating with a different doctor.

At the hearing, Co-op introduced a C-32 Standard Form Medical Report completed by Dr. Poole. Under "Mechanism of Injury," he stated, "The Employee said he had an open sore after he kicked something. He did not say the injury to his 4th toe was work-related." In response to the question of whether Mr. Geasley's employment activity was primarily responsible for the injury or his need for treatment, Dr. Poole said: "Mr. Geasley did not report a work-related injury to his 4th toe. Additionally, Mr. Geasley is diabetic and has experienced ulcers on his toes, including his 4th left toe, in the past. A diabetic ulcer can appear for no reason." He then added a note saying that this was a "non work-related injury." Dr. Poole also indicated Mr. Geasley's condition did not involve the aggravation of a preexisting injury.

At the hearing, Mr. Geasley suggested that the facts speak for themselves, and he asked the Court to order Co-op to pay for the treatment related to his left fourth-toe condition.

Co-op contended that Mr. Geasley's claim is barred by his failure to provide proper notice of an injury. It also argued that, even if notice was legally adequate, Mr. Geasley failed to prove he is likely to establish that his injury arose primarily out of and in the course and scope of his employment. For these reasons, it asked the Court to deny his request.

**Findings of Fact and Conclusions of Law**

*Standard applied*

2

Mr. Geasley need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, he must present sufficient evidence he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal."

When the employer raises lack of notice as a defense, the burden is on the employee to show either the employer had actual notice, that he provided notice, or that his failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). Our Appeals Board explained the notice requirement "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Id*. Guided by this authority, the Court must determine whether Mr. Geasley met his burden of proof.

The Court first finds Co-op had no "actual notice" of the injury. Mr. Geasley admitted he was alone when the alleged incident occurred, and there is no evidence that any representative of Co-op authorized to receive notice knew of the incident at that time.

Second, the Court turns to whether Mr. Geasley provided notice to Co-op within fifteen days. Mr. Geasley admitted he did not provide notice of his alleged May 7 injury until May 30. Accordingly, the Court finds he did not provide timely notice.

Next, the Court finds no reasonable excuse for Mr. Geasley's failure to provide timely notice. In *Buckner v. Eaton Corp*., 2016 TN Wrk. Comp. App. Bd. LEXIS 84 (Nov. 9, 2016), the employee sustained an injury on July 21, 2015, at a "specific time and place performing a specific task." However, he did not report his injury until September 2, 2015, forty-three days later. *Id*. at *3. Under these circumstances, the Appeals Board concluded "that Employee's excuse for failing to provide timely notice of his work injury was not 'reasonable,' the standard mandated by the legislature in section 50-6-201(a)(1)." *Id*. at *11. Specifically, "this was not a case where symptoms developed gradually over time or were not immediately apparent." Rather, the employee "was immediately aware he hurt his back and shortly thereafter was . . . unable to work." *Id*.

The facts of this case are similar. Like the employee in *Buckner*, Mr. Geasley

3

alleged an injury at a specific time and place while performing a specific task. While he did not seek immediate assistance, he testified he sought treatment for the problem with Dr. Poole on May 15. Yet he still failed to report the injury until May 30. Thus, this delay cannot be not excused on grounds that his "symptoms developed gradually over time or were not immediately apparent." *See Buckner*, at \*11.

However, the inquiry does not end there. Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Accordingly, the Court must determine whether Co-op suffered prejudice, and if so, to what extent. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *Masters v. Industrial Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980).

Co-op presented no evidence of any prejudice to its ability to defend this claim. Further, the medical treatment Mr. Geasley received before he reported the injury was with Co-op's authorized physician from his other claim. In the absence of evidence on this issue, the Court cannot find Mr. Geasley's alleged failure to report the injury resulted in prejudice to Co-op, such as a serious impediment to investigating the claim or providing treatment. Therefore, the Court holds that Mr. Geasley is likely to prevail at a hearing on the merits on the issue of notice.

*Causation*

To prove a compensable injury, Mr. Geasley must show that his alleged injury arose primarily out of and in the course and scope of his employment. To do so, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

The only medical proof introduced are the records and C-32 of Dr. Poole. He stated unequivocally that Mr. Geasley's injury was "non work-related." Mr. Geasley emphatically disagrees, and the Court finds sincere his belief that his work accident caused this condition. However, his untrained diagnosis does not meet the required legal standard. Absent any other medical opinion, Mr. Geasley cannot prove "to a reasonable degree of medical certainty" that his work contributed more than fifty percent in causing the injury or the need for the treatment recommended by Dr. Poole.

Because Mr. Geasley failed to establish a likelihood of proving that his injury arose primarily out of his work, the Court cannot find at this time that he appears likely to prevail on a claim for the requested medical or temporary disability benefits.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Geasley's claim against Co-op and its workers' compensation carrier for the requested medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on May 21, 2019, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate, or appear in person at 845 Esther Lane, Murfreesboro, TN 37129. Failure to call or appear may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 7th day of March, 2019.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Dr. Poole's C-32 Standard Form Medical Report
2. Affidavit of Adam Michalec
3. Notice of Denial
4. First Report of Injury
5. Wage Statement
6. Copy of May 21, 2018 settlement documents
7. Photograph of Mr. Geasley's work boot

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Co-op's Pre-Hearing Statement
5. Co-op's Witness and Exhibit List
6. Co-op's Notice of Intent to Read Deposition Excerpts into Evidence
7. Co-op's Notice of Intent to Rely on C-32

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 7th day of March, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Alex Geasley, Employee | X | | | 3218 Floyd Road Eagleville, TN 37060 |
| Lee Ann Murray, Employer's Attorney | | | X | leeamurray@feeneymurray.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)            RDA 11082